_____
Honorable Gary Spraker
United States Bankruptcy Judge



Entered on Docket
August 25, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DOUBLE JUMP, INC.,<br><br>　　　　　Debtor(s). | Lead Case No.: BK-19-50102-gs<br>Chapter 7<br><br>Substantively Consolidated With:<br>{{TABLE}} |
| Affects:<br>　X　DC Solar Solutions, Inc.<br>　X　DC Solar Distribution, Inc.<br>　X　DC Solar Freedom, Inc.<br>　X　Double Jump, Inc. | |
| INTERNATIONAL SPEEDWAY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NEIL LURIA, IN HIS CAPACITY AS RECEIVER FOR SOLAR ECLIPSE INVESTMENT FUND IV, LLC, SOLAR ECLIPSE INVESTMENT FUND V, LLC, SOLAR ECLIPSE INVESTMENT FUND VI, LLC, SOLAR ECLIPSE INVESTMENT FUND X, LLC, SOLAR ECLIPSE INVESTMENT FUND XI, LLC, | Adv. Proc. No. 22-05006-gs |

| | |
|---|---|
| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

1

SOLAR ECLIPSE INVESTMENT FUND XV, LLC, SOLAR ECLIPSE INVESTMENT FUND XVI, LLC, SOLAR ECLIPSE INVESTMENT FUND XVII, LLC, SOLAR ECLIPSE INVESTMENT FUND XVIII, LLC, SOLAR ECLIPSE INVESTMENT FUND XIX, LLC, SOLAR ECLIPSE INVESTMENT FUND XXI, LLC, SOLAR ECLIPSE INVESTMENT FUND XXIII, LLC, SOLAR ECLIPSE INVESTMENT FUND XXIV, LLC, SOLAR ECLIPSE INVESTMENT FUND XXVI, LLC, SOLAR ECLIPSE INVESTMENT FUND XXVIII, LLC, SOLAR ECLIPSE INVESTMENT FUND XXIX, LLC, SOLAR ECLIPSE INVESTMENT FUND XXX, LLC, SOLAR ECLIPSE INVESTMENT FUND XXXI, LLC, SOLAR ECLIPSE INVESTMENT FUND XXXIII, LLC, SOLAR ECLIPSE INVESTMENT FUND XXXIV, LLC; AND SOLAR ECLIPSE INVESTMENT FUND VII, LLC; SOLAR ECLIPSE INVESTMENT FUND VIII, LLC; SOLAR ECLIPSE INVESTMENT FUND XIV, LLC; SOLAR ECLIPSE INVESTMENT FUND XXVII, LLC; SOLAR ECLIPSE INVESTMENT FUND XXXII, LLC; AND SOLAR ECLIPSE INVESTMENT FUND XXXV, LLC,

        Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

On August 4, 2022, the court held hearings on defendant receiver Neil Luria's Motion to Dismiss Adversary Complaint (Adv. ECF No. 10) and defendant the East West/AHDI Funds' Motion to Dismiss Adversary Complaint; Motion to Abstain (Adv. ECF No. 11) (collectively, the Funds, and together the Motions). The court heard the argument of the parties, and upon conclusion of the hearing the court set August 23, 2022, as the date for delivery of its oral ruling on the Motions.

On August 23, 2022, the court read its oral ruling on the Motions into the record. At the conclusion of its oral ruling, the court heard discussion on whether dismissal should be entered with prejudice. As the court noted, leave to amend a complaint after granting a dismissal should be freely given. Fed. R. Civ. P. 15(a). However, leave to amend is not required if "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 356 (B.A.P. 9th Cir. 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015) ("When amendment would be futile, the bankruptcy court does not abuse its discretion in dismissing the complaint without leave to amend.").

The court has determined that the claims as pled by the defendants in the Florida Litigation[1] are not property of this bankruptcy estate and belong to the defendants. Plaintiff International Speedway Corporation (ISC) cannot plead around the Funds' causes of action in the Florida Litigation. Therefore, amendment of the complaint would be futile in this instance as it cannot cure this deficiency underlying dismissal.

For the reasons stated in the court's oral ruling, which is incorporated herein by reference,

//

---

[1] Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the complaint filed by plaintiff International Speedway Corporation.

4

IT IS HEREBY ORDERED that the Defendant, Receiver Neil Luria's Motion to Dismiss Adversary Complaint (Adv. ECF No. 10) and the Motion to Dismiss Adversary Complaint; Motion to Abstain (Adv. ECF No. 11) are GRANTED, with prejudice.

IT IS SO ORDERED.

\* \* \* \* \*

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

# # #